# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| Florida State Conference of the NAACP et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:21-cv-187-MW-MAF |
| Laurel M. Lee, Secretary of State of Florida et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: CT Corporation System, 1015 15th St., NW, Suite 1000, Washington, D.C. 10005 on behalf of Heritage Action for America 214 Massachusetts Avenue NE, Suite 400 Washington, D.C., 20002

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place: | Remote Means // Law Offices of Nellie L. King, P.A. 319 Clematis Street, Suite 107 West Palm Beach, FL 33401 | Date and Time: 10/20/2021 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   Videoconference software

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/06/2021

*CLERK OF COURT*

OR

_____   /s/ Michael A. Fletcher II
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Florida State Conference of the NAACP et al. , who issues or requests this subpoena, are:

Michael A. Fletcher II, 850 10th St., NW, Washington, D.C., 20001, 202-662-6000, mfletcher@cov.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:21-cv-187-MW-MAF

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, *et al.*,<br><br>Defendants,<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE,<br><br>Intervenor-Defendants. | Case No. 4:21-cv-201 MW-MJF<br>4:21-cv-186<br>4:21-cv-187<br>4:21-cv-242 |

## ATTACHMENT TO SUBPOENA TO HERITAGE ACTION FOR AMERICA

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs provide the following description of the matters for examination at the deposition of Heritage Action for America.

## DEFINITIONS

1. Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. Words or terms not specifically defined herein have the meaning commonly understood, and no definition or example is intended as exclusive.

3. Words or terms used herein, and all Definitions pertinent thereto, have the same intent and meaning regardless of whether the words or terms are depicted in lower-case or upper-case letters.

4. The term "Communication" means transmission of information, including any correspondence, contact, discussion, or written, electronic, or oral exchange between two or more persons.

5. The term "Challenged Provisions" has the same meaning as defined in the Amended Complaint, ECF No. 45, filed on or about June 11, 2021 in this above-referenced Case No. 4:21-cv-187-MW (N.D. Fla.).

6. The terms "concerning" and "relating to" mean referring to, related to, regarding, consisting of, pertaining to, reflecting, evidencing, describing, constituting, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic, without limitation, unless otherwise specified in the Request.

7. "Senate Bill 90" and "SB 90" refer to Senate Bill 90, An Act Relating to Elections, 2021 Fla. Sess. Law Serv. ch. 2021-11, Florida's omnibus election legislation, signed into law by Governor DeSantis on May 6, 2021, as well as any prior versions of SB 90 and any predecessor or related bills, including without limitation House Bill 7041.

## TOPICS

1. All Communications from January 2019 to present regarding Senate Bill 90 between Heritage Action for America and any one or more Florida government officials or member(s) of their staff, acting in their official capacity, including without limitation officials of any of the following: the Florida Legislature; the Florida Department of State; the Florida Governor's Office; the Florida Attorney General's Office, and any Florida Supervisor of Elections.

2. All Communications from January 2019 to present regarding Heritage Action for America's efforts to promote or advance legislation related to elections in Florida, including without limitation Communications between, on the one hand, Heritage Action for America and, on the other hand, any one or more of the following: Defendant-Intervenors; the Republican National Committee; the National Republican Senatorial Committee; the National Republican Congressional Committee; and any Republican Florida State or local officials.

3

3. All lobbying activities from January 2019 to present related to SB 90 that were, or that are continuing to be, conducted, organized, or supported by Heritage Action for America.

4. All activities of Karen Jaroch, Gulf States Regional Coordinator for Heritage Action for America, related to SB 90, from January 2019 to present.

5. All activities of Jennifer Butler, on behalf of Heritage Action for America, related to SB 90, from January 2019 to present.

6. All analysis Heritage Action for America has conducted or received regarding the anticipated or actual effects of SB 90, including without limitation, any of the Challenged Provisions, on voting in Florida.

7. Heritage Action's collection and production of documents in response to Plaintiffs' Requests for the Production of Documents served on Heritage Action for America on August 6, 2021, including without limitation, the repositories searched for responsive documents, the means by which documents were collected, searched, and reviewed, and any sources of potentially responsive documents that were not collected, searched, and reviewed.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as Secretary of State of Florida, *et al.*,<br><br>Defendants,<br><br>and<br><br>NATIONAL REPUBLICAN SENATORIAL COMMITTEE, *et al.*,<br><br>Intervenor-Defendants. | Case No. 4:21-cv-00187 |

## NOTICE OF TAKING RULE 30(B)(6) SUBPOENA AND DEPOSITION OF NON-PARTY HERITAGE ACTION FOR AMERICA

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30(B)(6) and 45, Plaintiffs Florida State Conference of Branches and Youth Units of the NAACP, Common Cause, and Disability Rights Florida, and Plaintiffs Florida Rising Together, *et al.* (together, "Plaintiffs"), will take the deposition of Heritage Action for America, on October 20, 2021, beginning at 9:00 AM ET, and will continue until completed, or until such time as is agreed by the parties. Counsel for the parties, the witness, and the court reporter will all appear remotely using videoconference technology as provided by Veritext Legal Solutions.

This deposition is being taken for purposes of discovery, for use as evidence, for use at trial, and for such other uses and purposes as are permitted under the Federal Rules of Civil Procedure, Rules of Evidence, and other applicable laws. The deposition will be by oral examination before a person authorized by law to administer oaths and will be recorded by stenographic means.

Dated: October 6, 2021
P. Benjamin Duke (*pro hac vice*)
Shira M. Poliak*
Covington & Burling LLP
The New York Times Building 620
Eighth Avenue
New York, NY 10018
212-841-1270
pbduke@cov.com

Robert D. Fram (*pro hac vice*)
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105
415-591-7025
rfram@cov.com

Michael Pernick (*pro hac vice*)
Morenike Fajana (*pro hac vice*) NAACP
Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
212-965-2200
mfajana@naacpldf.org

s/ Michael A. Fletcher II
Benjamin L. Cavataro (Fla. Bar No. 113534)
Morgan E. Saunders (*pro hac vice*)
Elizabeth T. Fouhey (*pro hac vice*)
Michael A. Fletcher II (*pro hac vice*)
Covington & Burling LLP
850 Tenth Street, N.W.
Washington, DC 20001
202-662-6000
bcavataro@cov.com
msaunders@cov.com
efouhey@cov.com
mfletcher@cov.com

Amia Trigg (*pro hac vice*)
Mahogane D. Reed (*pro hac vice*)
NAACP Legal Defense & Educational Fund, Inc.
700 14th Street NW, Ste. 600,
Washington, DC 20005
202-682-1300
atrigg@naacpldf.org

Nellie L. King (Fla. Bar No. 0099562)
The Law Offices of Nellie L. King, P.A.
319 Clematis Street, Suite 107
West Palm Beach, FL 33401
561-833-1084
Nellie@CriminalDefenseFla.com

* Motion for admission *pro hac vice* forthcoming

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Michael A. Fletcher II, an attorney admitted to practice before this Court, hereby certify that on October 6, 2021, I caused a true and correct copy of the foregoing to be served upon counsel of record via email.

Dated: October 6, 2021                               /s/ Michael A. Fletcher, II

                                                                                    Michael A. Fletcher II
                                                                                     Admitted Pro Hac Vice

                                                                                     *Counsel for Plaintiffs Florida NAACP,*
                                                                                     *DRF, and Common Cause*